*FILED*
SUPERIOR COURT
OF GUAM

2023 FEB -6 PM 5: 14

CLERK OF COURT

BY:_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TAKAKO B. GUTHRIE et al., | **SPECIAL PROCEEDINGS CASE NO. SP0094-20** |
| Petitioners/Plaintiffs | |
| vs. | **DECISION AND ORDER DENYING** |
| BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND, | **PETITION FOR WRIT OF MANDATE** |
| Respondents/Defendants. | |

This matter came before the court on Petitioners Joseph and Takako Guthrie's Petition for Peremptory Writ of Mandate ("Petition") requesting the Superior Court to review the administrative decision of the Government of Guam Retirement Fund Board. Originally the Petition was joined with a Complaint for Declaratory and Injunctive Relief ("Complaint") styled

as a class action. This court issued a decision dismissing the Complaint. The current decision only addresses the Petition requesting review of the administrative decision.

## JURISDICTION

The hearing procedures of an agency are conducted pursuant to the Administrative Adjudication Act. 5 G.C.A. § 9100 *et seq.* The Administrative Adjudication Act applies in any proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after an agency hearing. 5 G.C.A. § 9200. Judicial review may be had by filing a petition in the Superior Court for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. 5 G.C.A. § 9241. A writ of mandate may also be denominated a writ of review. 7 G.C.A. § 31201. Writ of review may be granted by any court when an inferior tribunal or board exercising judicial functions has exceeded its authority. 7 G.C.A. § 31102.

## PROCEDURAL HISTORY

Joseph and Takako B. Guthrie (hereinafter "the Guthries") filed a Petition for Declaratory Ruling to the Board of Trustees ("Board") requesting a determination: (a) whether Joseph Guthrie is a "retired member"; and (b) whether his spouse and designated beneficiary Takako B. Guthrie would be entitled to receive a surviving spouse annuity pursuant to 4 G.C.A. § 8102(a)(1)(A) upon the death of Joseph Guthrie. The Petition for Declaratory Ruling was received by the Board on December 17, 2019. Guthrie Memorandum In Support of Petition for Peremptory Writ of Mandamus ("Guthrie Memorandum")., Ex. 3 (GGRF No. DR-2020-01).

The Board issued its Decision on the Petition for Declaratory Ruling on April 24, 2020, finding that Takako Guthrie would not be entitled to receive a surviving spouse annuity. *Id.* The

decision of the Board was based on specific facts relating to Joseph A. Guthrie's work history and retirement as presented to the Board. *Id.*

On May 27, 2020, the Guthries received the Board's Decision. Pet., ¶ 22 (July 10, 2020). Pursuant to 5 G.C.A. § 9232, the order became final on June 26, 2020, 30 days after the Decision was delivered to the Guthries,

The Petition for Peremptory Writ of Mandate was timely filed on July 10, 2020. At the same time, the Guthries filed a Complaint for Declaratory and Injunctive Relief styled as a class action and invoking the Superior Court's original jurisdiction under the Declaratory Judgment Act, 7 G.C.A. § 26801. Both the Petition and the Complaint center on the same contention; that upon his death Joseph Guthrie's spouse Takako Guthrie is entitled to an annuity.

The Board filed a Motion to Dismiss the Complaint for Declaratory and Injunctive Relief on August 18, 2020. The Guthries' opposition was filed on October 19, 2020. The Board filed a Reply to the Opposition on November 20, 2020. The Guthries filed a Motion to Strike the Reply Brief on December 10, 2020. The Board filed an Opposition to the Motion to Strike on January 13, 2021. On September 16, 2021, the Court denied the Motion to Strike and ordered additional briefing on the Motion to Dismiss the Complaint for Declaratory Relief.

The Guthries filed a Motion for Class Certification on August 11, 2021. The Board filed its Opposition to the Motion for Class Certification on September 7, 2021. The Guthries' Reply to the Opposition was filed on September 21, 2021.

On October 19, 2021, the Board filed a Motion to Quash the Peitioners' First Set of Interrogatories. On October 28, 2021, the Court granted the motion prematurely and later set it for hearing. On January 26, 2022, the Guthries filed an Opposition to the Board's Motion to Quash

Discovery. Pursuant to a stipulated continuance, the Board was given additional time to file a reply brief, which it filed on February 7, 2022. On March 17, 2022, the Court granted the Motion to Quash Discovery because the discovery was not relevant and the Petitioner could not explain why it was relevant. The parties agreed at the hearing there were no disputed facts.

On January 20, 2022, the Court issued a Decision and Order granting the Board's Motion to Dismiss the Complaint for Declaratory Relief. On February 4, 2022, a Motion for Reconsideration was filed but the filing fee was not paid. Pursuant to Administrative Order No. ADM21-657, ¶ 10, the Motion for Reconsideration was stricken on February 9, 2022.

On March 17, 2022, the court set a briefing schedule to allow the Board to file a response to the Memorandum of Points and Authorities in support of the Petition for Peremptory Writ of Mandate. Joseph Guthrie, who at the time was an attorney registered as inactive in the jurisdiction of Guam, filed a Motion for Reconsideration on March 24, 2022. The motion was denied on April 1, 2022 because there was no basis for the motion. The Court warned that, in the future, Joseph Guthrie could not represent his wife, and if he wanted to represent himself he should file a substitution of counsel. The Superior Court can only give notice of hearings and decisions to attorney of record and cannot contact parties directly.

On May 2, 2022, Joseph Guthrie signed the Reply to the Board's Response to the Petition for Writ of Mandate, again without Attorney of Record Teker's signature, contrary to Rule 11. The Court ordered that this be corrected within three working days but the Court's order was ignored. Therefore both the pleadings filed on March 24 and May 2, 2022, were stricken from the record. On October 26, 2022, Mr. Guthrie filed another motion, an Amended Memorandum in Support of Motion for Partial Summary Judgment, again without Attorney Teker's signature or a substitution

of counsel. The Court held a hearing on November 28, 2022, and asked Attorney Teker if he was still the attorney of record. Mr. Teker stated he was still the attorney of record. The court gave Attorney Teker until December 9, 2022 to sign the pleading. As of this date Attorney Teker has not submitted the pleading signed by himself as attorney of record.

## STATEMENT OF FACTS

The facts in this case are not in dispute. Joseph Guthrie began working in the Office of the Attorney General and attorney in September 1986. He separated from service in February 1999 after completing less than 13 years of service. At that time he had the option of either (a) receiving a refund of his total contributions to the Retirement Fund including regular interest; or (b) leaving his contributions in the Fund and receiving a service retirement annuity upon attaining age 60, without eligibility for optional survivor benefits. 4 G.C.A. § 8130(a)(2). Guthrie opted for the latter option.

On January 13, 2003, Mr. Guthrie returned to employment at the Office of the Attorney General and resumed participation in the Retirement Fund. On August 2, 2004, Guthrie married his wife Takako Guthrie. He named Takako Guthrie as his designated beneficiary for survivor benefits. On May 30, 2007, Mr. Guthrie left his employment with the Office of the Attorney General. His total years of service with the government of Guam was approximately 18 years. Having reached the age of 60 earlier that year, Guthrie elected to immediately retire on a service retirement annuity effective May 31, 2007. The Board indicated that Guthrie never inquired about his spouse's eligibility for surviving spouse benefits at the time of his retirement. He only did so in 2018, by which time he had been collecting service retirement annuity payments for

over a decade. The Board maintains that Guthrie was provided written notice that his retirement was without survivor benefits. GGRF No. DR-202-01, Exs. A-B.

On December 17, 2019, Guthrie filed a petition requesting the Board to determine whether his spouse Takako Guthrie was entitled to receive a surviving spouse annuity pursuant to 4 G.C.A. § 8134(a)(1)(A) upon his death. Guthrie filed a Petition for Declaratory Ruling before the Board. The stated purpose of the Petition was to "establish Petitioner Takako B. Guthrie's rights to a surviving spouse pension in the event Joseph A. Guthrie pre-deceases her." Guthrie Mem., Ex. 1, at 2.

The Board issued a decision on April 24, 2020, finding that Takako Guthrie would not be entitled to receive a surviving spouse annuity. Guthrie Mem., Ex. 2. The Board decision was based on specific facts relating to Joseph A. Guthrie's work history and retirement as presented to the board. Guthrie Mem., Ex. 3; GGRF No DR 2020-0-1.

On July 10, 2020, the Guthries timely filed a Peremptory Writ of Mandate invoking the jurisdiction of the Superior Court of Guam to review the ruling of the inferior tribunal pursuant to 7 GCA § 31202. A Complaint for Declaratory Relief styled as a class action was filed with the writ in the same action.

STANDARD OF REVIEW

Proceedings held before administrative agencies are governed by the Administrative Adjudication law found in 5 G.C.A. § 9100 *et seq.* An appeal from an agency decision is by writ of mandate, also denominated a writ of review. 7 G.C.A. §§ 31102, 31201, 31202. According to 7 G.C.A. § 31108, the review upon the writ cannot be extended further than to determine whether the inferior tribunal or board has regularly pursued the authority of such tribunal or board.

However, where there are no factual issues in dispute, the Supreme Court of Guam has said an agency's interpretation of a statute is reviewed *de novo*. *Chargualaf v. Government of Guam Retirement Fund*, 2021 Guam 17 ¶ 7. Issues of the Board's interpretation of its own statutes are reviewed *de novo*. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 5; *Chargualaf*, at ¶ 7.

The issue of deference given to an agency was not raised by the parties but the court is aware that the Board's decision is not entitled to deference. *Chargualaf*, at ¶ 11 (citing *Chevron, U.S.A. Inc. v Nat. Res. Def. Council, Inc.* 467 U.S. 837(1984)).

ANALYSIS

The primary issue in this case is the correct interpretation of Chapter 8 of G.C.A. Title 4, the Defined Benefit Plan, as it pertains to the eligibility of the status of Takako Guthrie as a surviving spouse entitled to survivor annuity.

The parties do not disagree as to the essential facts: Joseph Guthrie left his employment with the Attorney General's office with approximately 18 years of service on May 30, 2007. He was age 60 at the time and retired. He elected to receive a service annuity with only 18 years of service with the Government of Guam. Guthrie maintains that Takako Guthrie is entitled to receive an annuity upon his death even though he does not have 20 years of service. The Board maintains that at the time of his retirement Guthrie did not have the option of having survivor benefits because he had less than 20 years of service.

The court concludes that the plain language of the statute is ambiguous. The ambiguity can be resolved through a reading of the statute as a whole, considering the legislative intent in establishing the Retirement Fund and the absurdity doctrine. For the following reasons the Board's decision is affirmed.

The statutes governing the Government of Guam Retirement Fund are set forth in 4 GCA §8101 *et seq.* Statutory interpretation should always begin with the plain language of the statute. *Chargualaf,* at ¶ *17* (citing *Data Mgmt. Res.,LLC v Office of Pub. Accountability,* 2013 Guam 27 ¶ 17).

> In looking at the statute's language the court's task is to determine whether or not the statutory language is 'plain and unambiguous'…The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used and the broader context of the statute as a whole. (citations omitted)

*Aguon v. Gutierrez,* 2002 Guam 14 ¶ 6. Statutory interpretation requires an examination of the statute's language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Barrett-Anderson v. Camacho,* 2015 Guam 20 ¶ 23 (citing *Sumitomo Constr. Co. v. Gov't of Guam,* 2001 Guam 23 ¶ 17).

> '[n]otwithstanding the deference due the plain-meaning of statutory language, … such language need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results.' See *Bowlby v Nelson,* Civ. No. 83-0096A, 1985 WL 56583, at *2 (D. Guam App. Div. Sept. 5, 1985). Absurdity may result when the legislature drafts a statute using language that is broader and more sweeping than that which the legislature intended. *See id.* In such cases, the court can interpret the broad language in a limited fashion in effort to effectuate the legislative intent. *See id.* Moreover, in determining legislative intent, a statute should be read as a whole, and therefore, courts should construe each section in conjunction with other sections. As stated by the Supreme Court of the United States, 'words and people are known by their companions….' Accordingly, '[i]n expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law and to its object and policy.' (citations omitted).

*Sumitomo,* at ¶ 17.

The Legislature has codified its purpose and intent in establishing the Retirement Fund in 4 G.C.A. § 8101, (former GC § 4200).

The purpose of the Fund is to provide retirement annuities and other benefits for the employees of the government of Guam who become aged or otherwise incapacitated, and widows' annuities and other benefits to the dependents of such employees thereby enabling the employees to accumulate reserves for themselves and their dependents to meet , without prejudice or hard ship, the hazards of old age, disability, death and termination of employment , *with the objective of encouraging qualified personnel to enter and remain in the service of the Government, thus effecting economy and efficiency in the administration of the Government.* (emphasis added).

In construing the statutes pertaining to the Government of Guam Retirement Fund it is necessary to keep the objectives articulated above by the Legislature in mind; to attract qualified employees to enter and remain in the service of the government so the government will run efficiently. To encourage people to remain in government service, it is logical that the legislature would impose a minimum number of years before survivor annuity would be provided to a spouse:

§ 8133. Death of Inactive Member. *Notwithstanding any other provision of this Chapter, upon the death of a member, not in service, who had completed at least twenty (20) years of total service prior to his separation,* if a surviving spouse or children survive the member, said surviving spouse or guardian of surviving children if there is no surviving spouse, shall have the following options:

a) The surviving spouse may elect to receive an annuity as provided under § 8134(a)(1) or (a)(2) whichever is applicable and § 8134(c), if applicable.

4 G.C.A. § 8133 (emphasis added). Since Joseph Guthrie retired without completing 20 years of service, he has not met the minimum qualifications for his spouse to be entitled to an annuity. The problem is not broken service as Guthrie contends , the issue is total years of service. Had he served two more years before retiring he would be entitled to a surviving spouse annuity.

The following section applies to the Guthries' situation:

§ 8132. Death After Retirement Without Survivors Benefits.

(a) Upon death of a member while in receipt of a service retirement annuity or disability retirement annuity, leaving no person entitled to survivor annuities as provided in § 8134 of this Chapter, the following shall be payable:

> (1) The total amount of contributions made by the member, including regular interest, less the total amount of annuity payments received by the member; and
>
> (2) A single sum death benefit payment in the amount of One Thousand Dollars ($1,000).

(b) Payment of these refunds and benefits shall be made to the beneficiary or beneficiaries designated by the member, in a nomination filed with the Board or if no such designation has been made, payment shall be made to the estate of the member.

4 G.C.A. § 8132. As the designated beneficiary of Joseph Guthrie, Takako Guthrie appears to qualify for the above benefits.

The code section invoked by the Guthries to claim that Takako Guthrie will be entitled to a survivor annuity is 4 G.C.A. § 8134 set forth below:

> § 8134. Survivor Annuities and Death Benefits.
>
> Upon the death of a member who has completed at least three (3) years of total service, or upon the death of a member in the line of duty, survivor annuities and death benefits shall be payable to eligible survivors described in subsection (a) for the applicable term set forth in Subsection (b).
>> (a) Eligible Survivors.
>>> (1) The following persons shall be eligible to receive the following survivor benefits or death benefits as set forth in this Article. ***Eligibility shall be determined as of the date of death of a member***, whether in service, in the line of duty, or in retirement.
>>>> (A) Surviving Spouse Annuity. A surviving spouse as defined in § 8104(v) shall be eligible to receive a surviving spouse annuity upon the death of a member.
>>>> ...

4 G.C.A. § 8134(a)(1)(A) (emphasis added). The above language read outside the context of the rest of the statutes pertaining to the Fund is ambiguous with respect to its applicability to members such as Joseph Guthrie. Pursuant to the Board's statutory authority to implement Plan provisions and administer the Plan, the Board interpreted 4 G.C.A. § 8134(a) and its predecessor

provision as applying only to members who die while in service (i.e. active members who die while employed by the Government of Guam). Specifically, the Board has interpreted the first reference to "member" to mean "member in service" based on the subsequent use of the word later in that sentence as a part of the phrase "member in the line of duty". This interpretation gives effect to the whole of the statute consistent with the common law rules of statutory construction.

The Guthries interpret this statute as allowing a survivor annuity to any spouse of any employee who has three (3) years of total service. This reading of the statute without reference to other statutes in 4 G.C.A. § 8101 *et seq.* leads to absurd results. It would mean that an employee could remain employed for only three years, leave government service to work somewhere else and their spouse would receive a survivor annuity. Not only does this interpretation lead to absurd results, it is directly in conflict with the legislature's purpose in establishing the Fund, articulated in 4 G.C.A. § 8101: to attract qualified employees who will enter and remain in the service of the government of Guam so the government will run efficiently. If there were no requirements for a minimum amount of service, employees would have no incentive to remain in government service.

> § 8130 (a) REFUND ON SEPARATION
> ...
> (2) Any member who withdraws after having completed at least 5 years total service shall have the option of leaving his or her contributions in the Fund and receiving a service retirement annuity upon attainment of the age of sixty (60) years **without the choice of any of the optional survivor's benefits hereinunder described.**

4 G.C.A. § 8130(a)(2) (emphasis added). The above statute allows the employee's interest to vest after five years of service. Guthrie says the exclusion of survivor benefits in the statute does not

apply to him because it was added after he retired. However, it still must be read in conjunction with 4 G.C.A. § 8133 limiting survivor benefits to beneficiaries of employees who have at least 20 years of service. If § 8134, which allows death benefits for members who have completed three years of service, applies to all retired members, it would directly conflict with § 8133. Accordingly, the Board has interpreted this section to apply to those who die while employed. Furthermore, applying 4 G.C.A. § 8134 to all employees after three years of service also conflicts with 4 G.C.A. § 8130(a), which requires five years of service in order for an employee's interest in the Retirement Fund to even vest.

The Board correctly points out that the Guthries' interpretation would mean that an employee could leave the employ of the government of Guam with just over five years and thereafter work for another employer for decades and still be entitled to an annuity and survivor benefits. This leads to absurd results because such a member would not have made sufficient contributions to the Fund to adequately cover the survivor benefit. It would also jeopardize the financial stability of the Fund which was clearly not the intent of the Legislature. The Legislature has expressly stated its concern for the Fund's stability. 4 G.C.A. § 8101.1.

## CONCLUSION

There are inconsistencies and ambiguity in the statute establishing the Retirement Fund which can be resolved through looking at the articulated intent of the Legislature and considering the language of the statute as a whole. The Guthries' interpretation of the statute would lead to

absurd results and frustrate the intent of the Legislature by providing surviving spouse benefits after 3 years. Therefore, the Court DENIES the Petition for Peremptory Writ of Mandamus.

DATED this ___6_ day of February, 2023.

HONORABLE MARIA G. FITZPATRICK
Judge *Pro Tempore*
Superior Court of Guam